## CURRENT COURT OF APPEAL CASES--Continued

### No. 645

### WADE v. ADAMS

Ohio Appeals, Eighth District, Cuyahoga County
No. 4407. Decided June 4, 1923

This opinion has not been published except in Abstract.

**EVIDENCE—Judgment rendered on uncorroborated testimony.**

Vickery, Levine and Sullivan, JJ.

PER CURIAM

Epitomized Opinion

Adams sued Wade and recovered judgment in Cleveland Municipal Court. Wade prosecuted error on ground that judgment was contrary to weight of evidence. Adam's testimony was uncorroborated. Court of Appeals in affirming judgment held:

1. While in a sense the evidence of Adams was uncorroborated there is no rule of law which demands corroboration in such a case. If court was satisfied Adam's version of transaction was to be believed, rather than other party's version, he was clerly within his rights.

Attorneys—A. H. Krause, for Wade; White, Brewer & Curtiss, for Adams.

(Note: The facts of the case are not given in the opinion.)

---

### No. 646

### M. ZWISLER v. AETNA LIFE CO.

and

### A. ZWISLER v. M. ZWISLER

Nos. 746 and 750. Decided May 16, 1923

This opinion has not been published except in Abstract.

**INSURANCE—Change of beneficiary without consent of party to insurance contract.**

PER CURIAM.

Epitomized Opinion

Controversy between A. and M. Zwisler as to the proceeds of insurance policy on the life of A. J. Zwisler, the son of A. Zwisler, and the husband of M. Zwisler. Both A. and M. Zwisler brought separate actions against the Aetna Co., which Company filed an interpleader, brought the money into court, was discharged from proceedings, and the cases were consolidated. By the terms of the policy the beneficiary could not be changed without the written consent of the Goodyear Tire and Rubber Co. The beneficiary was changed from M. Zwisler to A. Zwisler without this written consent. The trial court found for M. Zwisler and ordered the money paid over to her. A. Zwisler prosecuted both error and appeal. M. Zwisler contended the case is not appealable. In affirming the judgment, the Court of Appeals held:

1. As interpleader was a chancery proceeding before there was a statute governing it, the case is appealable.

2. Where insurance contract requires written consent of a party to change beneficiary, such change, without this written consent, is ineffectual.

Attorneys—J. Taylor, for M. Zwisler; May, Roetzel, Zesiger & May, for A. Zwisler.

---

### No. 647

### WILLEY v. LEWIS

Ohio Appeals, Eighth District, Cuyahoga County
No. 4435. Decided June 4, 1923

This opinion has not been published except in Abstract.

**NEGLIGENCE—No recovery if petition discloses plaintiff's negligence and does not plead last clear chance.**

Vickery, Sullivan and Levine, JJ.

PER CURIAM.

Epitomized Opinion

Willey sued Lewis in Cleveland Municipal Court, to recover damages resulting from an automobile accident. Statement of claim showed on its face that while Willey was on wrong side of street driving in wrong direction contrary to Cleveland Heights ordinance, his car was run into by Lewis' automobile. Upon motion judgment was rendered for Lewis. Willey made no attempt to invoke the last clear chance doctrine. The Court of Appeals in affirming judgment held:

1. Where plaintiff pleads a situation amounting to contributory negligence and does not plead last clear chance doctrine, court is not wrong in rendering judgment against him.

Attorneys—S. A. Williamson, for Willey; Crosser, Bishop & Blythin, for Lewis.